UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRY PYLES,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 1:24-cv-1197-SEM-EIL<br>) |
| JOHN/JANE DOES, et al.,<br>    Defendants. | )<br>)<br>) |

### MERIT REVIEW ORDER ON AMENDED COMPLAINT

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 20) filed by Plaintiff *pro se* Terry Pyles. For the following reasons, the Motion is granted and Plaintiff may proceed with a Fourth Amendment claim of unlawful search and seizure as well as a civil conspiracy claim.

### I. Background

The Court entered a Merit Review Order (Doc. 19) on April 17, 2025, dismissing Plaintiff's initial Complaint (Doc. 1).

In Plaintiff's Complaint, he alleged that Defendants searched him without probable cause or a warrant. The search resulted in criminal charges being brought against Plaintiff, who was convicted in McLean County Circuit Court and is currently incarcerated in

the Illinois Department of Corrections ("IDOC").  The Court dismissed Plaintiff's Complaint because he sought release from IDOC custody, which is not a remedy available in a § 1983 action.

The Court granted Plaintiff 21 days in which to file an amended complaint.  Plaintiff has now done so, and the Amended Complaint is before the Court for screening.

## II. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*  In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## III. Facts Alleged

In Plaintiff's Amended Complaint, Plaintiff alleges that Defendants with the Bloomington Police Department[1] and with the Illinois State Police[2] conspired to stop and search him without probable cause or a warrant on September 14, 2022.

More specifically, Plaintiff alleges that Defendants received an unsubstantiated and uncorroborated tip from a confidential informant that Plaintiff and a woman named Nicole Pruser would be returning from St. Louis to Bloomington on an Amtrak train with approximately half a pound of methamphetamine. Plaintiff alleges that certain Defendants engaged in a "pretextual" traffic stop of Pruser while, separately, Defendants Rizzi and Freshour stopped and searched Plaintiff without a warrant and without probable cause while Plaintiff was simply walking on the public sidewalk away from the train station.

---

[1] Joseph Rizzi, Anna Legner, Alex Freshour, Manuel Hernandez, Paul Swanlund, David Ashbeck, Timothy Marvel, Martin Krylowicz, Richard Beoletto, and Clayton Arnold

[2] Richard Shanks, Kevin Ryan, Adrian Ortiz, Austin Quinn, Jeffrey Albee, Ryan Strebing, Stephen Brown, Greg Lindemulder, J.D. Russell, Jeremy Melville, and Christopher Lemke

Plaintiff alleges that Defendant Rizzi later included in his written report, dated September 20, 2022, that Defendants had engaged in a parole search of Plaintiff, who was on Mandatory Supervised Release ("MSR") at the time. However, Plaintiff alleges that Defendants Rizzi and Freshour did not notify Plaintiff that the search being conducted was a parole search, and he maintains that Defendants were unaware of his MSR Agreement search condition prior to the search.

Plaintiff further alleges that on September 15, 2022, Assistant State's Attorney Jeffrey Horve initiated criminal proceedings against him by filing an Information in the McLean County Circuit Court. Plaintiff alleges that the Information contained intentionally perjured information. That same day, Plaintiff went before the McLean County Circuit Court for a probable cause determination, at which Assistant State's Attorney Lewis Liv allegedly presented a false probable cause statement that Plaintiff's arrest was incident to the traffic stop of Nicole Pruser's car. This statement was consistent with Plaintiff's Parole Violation Report, dated September 16, 2022, which relied upon a police report that apparently falsely indicated that Plaintiff left the Amtrak station in a car, which was

stopped for a moving violation and a police K-9 alerted to the presence of drugs inside the car.

## IV. Analysis

Plaintiff's Amended Complaint contains sufficient facts to state a Fourth Amendment claim for unlawful search and seizure[3] in violation of the Fourth Amendment. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2017) ("Warrantless searches are per se unreasonable, subject to a few carefully defined exceptions."); *United States v. Price*, 28 F.4th 739, 750 (7th Cir. 2022) ("[W]hen a parole or probationary search operates as a subterfuge for a criminal investigation to evade the Fourth Amendment's warrant and probable cause requirements, such searches violate the Fourth Amendment." (internal citations and quotations omitted)); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause…[which] can occur when legal process itself goes wrong—when, for example, a judge's probable-

---

[3] "'False arrest' is shorthand for an unreasonable seizure prohibited by the Fourth Amendment." *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014), *quoting Gonzalez v. Village of Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012).

cause determination is predicated solely on a police officer's false statements."); *Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015) (neither police officer nor prosecutor is entitled to absolute immunity for swearing to false information).

Plaintiff may also proceed on a civil conspiracy claim against Defendants. *See Beaman v. Freesmeyer*, 776 F.3d 500, 511 (7th Cir. 2015) (to state a claim for civil conspiracy, a plaintiff must plead an underlying constitutional violation and "that the defendants agreed to inflict the constitutional harm").

Plaintiff's suit is limited to these claims, and he may seek only money damages—not release from IDOC custody nor an overturning of his conviction by the McLean County Circuit Court. Further, Plaintiff may not proceed on an Illinois state law claim of malicious prosecution, which would have required termination of the underlying criminal proceedings in his favor. *See Colbert v. City of Chicago*, 851 F.3d 649, 654-55 (7th Cir. 2017).[4]

---

[4] Plaintiff's § 1983 action, even if successful, does not necessarily imply that his conviction was unlawful. *See Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) (discussing doctrines like independent source, inevitable discovery, and harmless error).

Plaintiff has failed to state a claim based upon allegations that certain supervisors failed to train or properly supervise Defendants because their written reports did not comply with department guidelines or policy.  *See Monell v. Department of Social Services*, 436 U.S. 658, 663 n.7 (1978) ("[R]*espondent superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state law or…departmental regulations").

Finally, the Court notes that Plaintiff may not proceed on any claim that the allegedly pretextual traffic stop against Nicole Pruser violated her Fourth Amendment rights.  *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1989) ("Fourth Amendment rights are personal rights" and "may not be vicariously asserted.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [20] is GRANTED, and the Amended Complaint is now the operative pleading in this case. The Clerk is DIRECTED to substitute the following Defendants in place of the John/Jane Doe Defendants: Anna Legner, Alex Freshour, Manuel Hernandez, Paul Swanlund, David Ashbeck,**

> **Timothy Marvel, Martin Krylowicz, Richard Beoletto, and Clayton Arnold, Richard Shanks, Kevin Ryan, Adrian Ortiz, Austin Quinn, Jeffrey Albee, Ryan Strebing, Stephen Brown, Greg Lindemulder, J.D. Russell, Jeremy Melville, Christopher Lemke, Jeffrey Horve, and Lewis Liv. Joseph Rizzi likewise remains a Defendant in this case.**

2) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourth Amendment claim of unlawful search and seizure and a civil conspiracy claim against all Defendants. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file an Answer. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendants' positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel have filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require the Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED June 25th, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE